

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DAVID PAUL NAVARRO, | § | No. 08-19-00207-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 409th District Court of |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20140D03126) |
| | § | |

**MEMORANDUM OPINION**

David Paul Navarro is attempting to appeal his convictions of aggravated assault with a deadly weapon (Count II), assault family violence (Count III), and burglary of a vehicle (Count IV). Finding that Appellant did not timely file his notice of appeal, we dismiss the appeal for lack of jurisdiction.

A timely notice of appeal is necessary to invoke this Court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). In a criminal case, a defendant's notice of appeal is due within ninety days after the sentence is imposed in open court if the defendant timely files a motion for new trial. *See* TEX.R.APP.P. 26.2(a)(2). The judgments reflect that the trial court imposed the sentences for Counts II, III, and IV on April 10, 2019. Appellant timely filed a motion for new trial on May 9, 2019. Consequently, the notice of appeal was due to be filed no later than July 9, 2019.

Appellant filed notice of appeal in the trial court on August 8, 2019, thirty days after the deadline, and he filed a motion seeking an extension of time in which to file his notice of appeal in this Court on August 9, 2019, thirty-one days late. While a court of appeals may extend the time to file the notice of appeal, both the notice of appeal and the extension motion must be filed within 15 days after the deadline for filing the notice of appeal. *See* TEX.R.APP.P. 26.3. In the absence of a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998). Appellant asserts in his extension motion that appellate counsel was not appointed until after the deadline for perfecting his appeal. Only the Court of Criminal Appeals has jurisdiction to grant Appellant an out-of-time appeal of his felony convictions. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (explaining that writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure governs out-of-time appeals from felony convictions). Accordingly, we deny Appellant's untimely extension motion and dismiss the appeal for lack of jurisdiction.

GINA M. PALAFOX, Justice

August 23, 2019

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)